IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIESTA MART, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-CV-03484 |
| WILLIS OF ILLINOIS, INC., and WILLIS TOWERS WATSON US, LLC, | § § § § | |
| Defendants. | § | |

JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1. **State when the parties conferred as required by Rule 26(f) and identify the counsel who conferred.**

   Ted Baines and Kyra Smerkanich, counsel for Willis Towers Watson Midwest, Inc., f/k/a Willis of Illinois (collectively, "Willis"), and Tracy LeRoy and Myra Siddiqui, counsel for Fiesta Mart, LLC ("Fiesta Mart"), conferred by telephone on January 5, 2021.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   This case was originally filed in the 61st District Court, Harris County, Texas, styled *Fiesta Mart, LLC v. Willis of Illinois, Inc. and Willis Towers Watson US, LLC*, 2020-53693. Defendant removed the matter to this court.

3. **Briefly describe what the case is about.**

   Plaintiff: Fiesta Mart is a supermarket chain in Houston, Texas, which suffered significant damages from Hurricane Harvey. Fiesta Mart is still working to rebuild and reopen stores damaged in the hurricane. This process has been delayed due to the challenges Fiesta Mart has faced in securing the insurance proceeds it is owed.

   During and prior to Hurricane Harvey, Willis was Fiesta Mart's insurance broker. Willis worked for Fiesta Mart to secure various insurance policies and advised Fiesta Mart on making claims under those policies. Fiesta Mart alleges that Willis breached various duties owed to Fiesta Mart by misrepresenting to Fiesta Mart the impact of agreeing to certain insurance policy programs; ignoring Fiesta Mart's requests for assistance; and causing insurance proceeds owed to Fiesta Mart to be paid to another entity with no

1

interest in the affected stores.

<u>Defendants</u>:  At the time Hurricane Harvey made landfall, Fiesta Mart was owned by ACON Investments, LLC ("ACON"), a private equity firm, for which Willis also acted as broker.  The Fiesta Mart stores impacted by Hurricane Harvey were covered by several layers of insurance policies, including primary layers that list ACON as the Named Insured. An initial, partial payment of $7.5 million was made to Fiesta Mart by the primary policy insurers for property damage.  This amount is not in dispute.

On or about April 30, 2018, ACON sold Fiesta Mart to Bodega Latina Corporation, d/b/a/ El Super.  In connection with the sale, ACON and Fiesta Mart entered into a Membership Interest Purchase Agreement (the "Purchase Agreement").  Among other things, the Purchase Agreement provided that ACON would be entitled to any insurance proceeds for business interruption loss, however, the Purchase Agreement did not specify how other losses should be handled, including claims for depreciation.  A year after Hurricane Harvey, ACON submitted proofs of loss, which sought to recover an additional $4,780,347 from the primary policy insurers.  The primary policy insurers issued a second partial payment in that amount to ACON, not Fiesta Mart.  Fiesta Mart claims that it, not ACON, is entitled to these proceeds.  Fiesta Mart sued ACON to recover the $4,780,347, eventually settling with ACON for $3.1 million.  The settlement also included an assignment from ACON to Fiesta Mart of insurance claims for depreciation holdback insurance proceeds (estimated to be approximately $6.6 million).

Willis denies that it breached its duty of care to Fiesta Mart.  Willis is not responsible for, and has no control over, how insurance funds are distributed.  Those decisions are made by the insurers, not Willis, in accordance with the terms and provisions of the policies that Fiesta Mart received and reviewed.  Accordingly, Willis did not proximately cause any of Fiesta Mart's damages.  Willis also denies it ignored Fiesta Mart's requests for assistance with regard to the $6.6 depreciation claim, as it was terminated as broker by Fiesta Mart effective February 13, 2019.

4. **Specify the allegation of federal jurisdiction. If jurisdiction is based on diversity of citizenship and any of the parties is an LLC, please state the citizenship of each of the members of the  LLC.**

   The basis of federal jurisdiction is diversity.

   Fiesta Mart, LLC is a Texas Limited Liability Company with its principal place of business in Houston, Texas. Fiesta Mart, LLC is owned 100% by Fiesta Mart Holdings, LLC, which is 100% owned by Fiesta Mart Investments, LLC, which is jointly owned by Fiesta Investors LLC, Fiesta Investors Holdings LLC, and Bodega Latina Corporation. Fiesta Investors LLC and Fiesta Investor Holdings LLC are also owned by Bodega Latina Corporation. All of these entities other than Fiesta Mart, LLC are Delaware LLCs, or in the case of Bodega Latina, a Delaware Corporation.

   Willis Towers Watson US LLC is a limited liability company organized under the laws of Delaware and has its principal place of business at 800 N. Glebe Road, Arlington, Virginia 22203. The citizenship of a limited liability company is determined by the citizenship of each of its members. Willis Towers Watson US

LLC's sole shareholder is Towers Watson Delaware Holdings LLC, a Delaware limited liability company with its principal place of business in Virginia. Towers Watson Delaware Holdings LLC's sole shareholder is WTW Delaware Holdings LLC, a Delaware limited liability company with its principal place of business in Delaware. WTW Delaware Holdings LLC's sole shareholder is Willis US Holding Company, LLC, a Delaware limited liability company with its principal place of business in Delaware. Willis US Holding Company, LLC's sole shareholder is Willis North America Inc., a company incorporated under the laws of Delaware and with its principal place of business in New York. Willis is thus a citizen of Delaware, Virginia, and New York for diversity jurisdiction purposes.

Defendant Willis Towers Watson Midwest, Inc., f/k/a Willis of Illinois, Inc., is a corporation organized under the laws of Illinois, and has a principal place of business at 233 S. Wacker Drive, Suite 2000, Chicago, IL 60606. It is thus a citizen of Illinois for diversity jurisdiction purposes.

5. **Name the parties who disagree on the issue of jurisdiction and the reasons.**

   None at this time.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Fiesta Mart intends to amend its petition within the next thirty (30) days to add the following defendants to the suit: Allied World Assurance Company (U.S.) Inc.; Arch Specialty Insurance Company; Aspen Insurance U.S. Services, Inc., d/b/a Aspen Specialty Insurance Company; Certain Underwriters at Lloyd's of London (Hiscox); HDI Global Insurance Company; Indian Harbor Insurance Company; and Westport Insurance Corporation.

7. **List anticipated interventions.**

   None at this time.

8. **Describe class−action issues.**

   None at this time.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have not completed their Rule 26(a) initial disclosures. Each party will do so within 14 days of the Rule 26(f) conference.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

        The parties are amendable to developing and proposing a discovery plan and protective orders as needed. The parties do not anticipate any unusual ESI issues.

**B.    When and to whom the plaintiff anticipates it may send interrogatories.**

        Fiesta Mart anticipates sending interrogatories to defendants.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

        Willis anticipates sending interrogatories to Fiesta Mart. Willis may also send interrogatories to the insurer defendants that Fiesta Mart has indicated it will add as parties.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

        At this time, Fiesta Mart anticipates taking the oral depositions of defendants' corporate representatives and persons involved in the Fiesta Mart account. Fiesta Mart also anticipates taking oral depositions of representatives from Matson Driscoll & Damico LLP, forensic accountants retained on behalf of the Primary Policy insurers to gather information about the Fiesta Mart stores.

**E.    Of whom and by when the defendant anticipates taking oral depositions.**

        At this time, Willis anticipates taking the oral depositions of defendant's corporate representatives and persons involved with the Hurricane Harvey losses and claims, the Purchase Agreement and sale to El Super, and the settlement agreement between Fiesta Mart and ACON. Willis may also take and/or join in any oral depositions taken by Fiesta Mart of the Primary Policy insurers and/or their accountants.

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

        Plaintiff can designate experts by November 1, 2021, and defendants can designate responsive experts by December 1, 2021.

**G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

        Plaintiff anticipates taking the depositions of any expert designated by defendants by December 22, 2021.

  H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (export report).**

   Defendants anticipate taking the depositions of any expert designated by Plaintiff by November 30, 2021.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

 At this time, the parties are not in disagreement on any part of the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

 None at this time.

13. **State the date the planned discovery can reasonably be completed.**

 Discovery can be completed by December 22, 2021.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

 Counsel for the parties have discussed potential settlement resolve this dispute. At this time, the parties believe settlement would be premature.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

 Counsel for the parties have discussed mediation and other potential avenues to resolve this dispute. At this time, the parties believe that such dispute resolution may be more productive after the additional parties are joined and preliminary discovery completed.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

 Alternative dispute resolution techniques may include settlement discussions between attorneys, business discussions between parties, and mediation.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

 At this time, the parties do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

 Yes, Fiesta Mart made a timely jury demand.

19. **Specify the number of hours it will take to present the evidence in this case.**

    At this time, the parties anticipate that it will take 30-40 hours to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other motions pending.**

    None at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None at this time.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiff filed its Disclosure of Interested Parties on October 21, 2020. Defendants filed its Disclosure of Interested Parties on October 28, 2020.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    Plaintiff:  Tracy N. LeRoy
    State Bar No. 24062847
    Federal Bar No. (Southern District of Texas) 860752
    Myra Siddiqui
    State Bar No. 2416434
    Federal Bar No. (Southern District of Texas) 3257790
    Yetter Coleman LLP
    811 Main Street, Suite 4100
    Houston, Texas 77002
    (713) 632-8000
    tleroy@yettercoleman.com
    msiddiqui@yettercoleman.com

    Defendants:  Edward J. Baines
    Saul Ewing Arnstein & Lehr LLP
    500 E. Pratt Street, 8th Floor
    Baltimore, MD 21202
    (410) 303-8831
    ted.baines@saul.com
    Maryland Bar No. 198912180026
    Federal Bar No. (District of Maryland) 06776

Kyra A. Smerkanich
Saul Ewing Arnstein & Lehr LLP
1919 Pennsylvania Avenue, Suite 550
Washington, DC 20006
(202) 295-6632
kyra.smerkanich@saul.com
Pennsylvania Bar No. 317154
Federal Bar No. (District of Columbia) 1029230)

Christopher Martin, Esq.
Martin, Disiere, Jefferson & Wisdom, L.L.P.
Niels Esperson Building
808 Travis, 20th Floor
Houston, TX 77002
(713) 632-1701
State Bar No. 13057620; Federal Bar. No 13515

Respectfully submitted on January 12, 2021,

Tracy N. LeRoy
State Bar No. 24062847
Fed I.D. 860752
Myra Siddiqui
State Bar No. 2416434
Fed. I.D. 3257790
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
tleroy@yettercoleman.com
msiddiqui@yettercoleman.com

***Attorneys for Plaintiffs***

Edward J. Baines
Saul Ewing Arnstein & Lehr LLP
500 E. Pratt Street, 8th Floor
Baltimore, MD 21202
(410) 303-8831
ted.baines@saul.com
Maryland Bar No. 198912180026
Federal Bar No. (District of Maryland) 06776

Kyra A. Smerkanich
Saul Ewing Arnstein & Lehr LLP
1919 Pennsylvania Avenue, Suite 550
Washington, DC 20006
(202) 295-6632
kyra.smerkanich@saul.com
Pennsylvania Bar No. 317154
Federal Bar No. (District of Columbia) 1029230

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2021, the foregoing was served on all counsel of record, by either electronic mail and/or the Court's ECF system.

*/s/ Myra Siddiqui*
Myra Siddiqui