**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FIESTA MART, LLC**, | § | |
| | § | |
| Plaintiff | § | |
| | § | Hon. Vanessa Gilmore |
| v. | § | |
| | § | |
| **WILLIS OF ILLINOIS, INC., WILLIS** | § | Civil Action No.: 4:20-CV-03484 |
| **TOWERS WATSON US, LLC,** | § | |
| **ALLIED WORLD ASSURANCE** | § | |
| **COMPANY (U.S.) INC., ARCH** | § | |
| **SPECIALTY INSURANCE** | § | |
| **COMPANY, ASPEN INSURANCE U.S.** | § | |
| **SERVICES, INC. (D/B/A ASPEN** | § | |
| **SPECIALTY INSURANCE** | § | |
| **COMPANY),** | § | |
| **CERTAIN UNDERWRITERS AT** | § | |
| **LLOYD'S OF LONDON (HISCOX),** | § | |
| **HDI GLOBAL INSURANCE** | § | |
| **COMPANY, INDIAN HARBOR** | § | |
| **INSURANCE COMPANY, and** | § | |
| **WESTPORT INSURANCE** | § | |
| **CORPORATION**, | § | |
| | § | |
| Defendants. | | |

**ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., ARCH SPECIALTY**
**INSURANCE COMPANY, ASPEN INSURANCE U.S. SERVICES, INC. (D/B/A ASPEN**
**SPECIALTY INSURANCE COMPANY), CERTAIN UNDERWRITERS AT LLOYD'S**
**OF LONDON (HISCOX), HDI GLOBAL INSURANCE COMPANY,**
**INDIAN HARBOR INSURANCE COMPANY, AND**
**WESTPORT INSURANCE CORPORATION'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

The undersigned Counsel of Record, on behalf of the defendants currently named Allied

World Assurance Company (U.S.) Inc., Arch Specialty Insurance Company, Aspen Insurance

U.S. Services, Inc. (D/B/A Aspen Specialty Insurance Company)[1], Certain Underwriters at

Lloyd's of London (Hiscox), HDI Global Insurance Company, Indian Harbor Insurance

---

[1] Fiesta Mart has sued the wrong Aspen entity, and the correct Aspen entity, which issued the Policy
at issue, is Aspen Specialty Insurance Company.

Company, and Westport Insurance Corporation (collectively, the "Insurers") file this Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff Fiesta Mart, LLC ("Fiesta Mart").

1.      The Insurers are without sufficient information to admit or deny the allegations in Paragraph 1, except admit, based on information and belief, that Fiesta Mart is a supermarket chain in Houston, Texas.

2.      The Insurers are without sufficient information to admit or deny the allegations in Paragraph 2, except admit that that certain Fiesta Mart stores incurred physical damage as a consequence of Hurricane Harvey in Houston, Texas on or about August 25, 2017.

3.      The Insurers deny that they owe Fiesta Mart insurance proceeds, deny upon information and belief that Fiesta Mart's work to rebuild and reopen stores are related in any way to Fiesta Mart's ability to secure insurance proceeds, and are without sufficient information to admit or deny the remaining allegations in Paragraph 3.

4.      The allegations in Paragraph 4 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 4, except admit, based on information and belief, that Defendants Willis of Illinois, Inc. and Willis Towers Watson US, LLC (collectively, "Willis"), acting in their capacity as insurance broker for ACON Investments, LLC, secured insurance policies from the Insurers wherein the "Named Insured" with respect to Fiesta Mart was "ACON Fiesta Holdings, LLC," an entity that directly and/or indirectly owned Fiesta Mart during and/or prior to Hurricane Harvey on or about August 25, 2017.

5.      The allegations in Paragraph 5 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 5.

6.      The Insurers deny each and every allegation in Paragraph 6, except admit that the Insurers correctly and properly denied Fiesta Mart's non-compensable Hurricane Harvey insurance claim.

**Jurisdiction and Venue**

7.      The Insurers deny each and every allegation in Paragraph 7, except admit, based on information and belief, that Willis removed this case from state court on the basis of diversity jurisdiction.

8.      Paragraph 8 asserts legal conclusions to which no response is required. To the extent a response is required, the Insurers do not dispute that venue in this Court is proper.

**Parties**

9.      The Insurers are without sufficient information to admit or deny the allegations in Paragraph 9.

10.     The Insurers are without sufficient information to admit or deny the allegations in Paragraph 10.

11.     The Insurers are without sufficient information to admit or deny the allegations in Paragraph 11.

12.     The Insurers deny each and every allegation in Paragraph 12, except admit that Allied World Assurance Company (U.S.) is a Delaware corporation and the Insurers do not contest service of process on this entity.

13. The Insurers deny each and every allegation in Paragraph 13, except admit that Arch Specialty Insurance Company is a Missouri corporation and the Insurers do not contest service of process on this entity.

14. The Insurers deny each and every allegation in Paragraph 14, and state that Fiesta Mart sued the wrong Aspen entity, and that the correct Aspen entity – which issued the policy at-issue – is a North Dakota corporation.

15. The Insurers deny each and every allegation in Paragraph 15, except admit that Hiscox Inc. is a New York corporation and the Insurers do not contest service of process on this entity.

16. The Insurers deny each and every allegation in Paragraph 16, except note that they do not contest service of process on this entity.

17. The Insurers deny each and every allegation in Paragraph 17, except admit that Indian Harbor Insurance Company is a Delaware corporation and the Insurers do not contest service of process on this entity.

18. The Insurers deny each and every allegation in Paragraph 18, except admit that Westport Insurance Corporation is a Missouri corporation and the Insurers do not contest service of process on this entity.

## Relevant Factual Background

19. The Insurers are without sufficient information to admit or deny the allegations in Paragraph 19.

20. The Insurers are without sufficient information to admit or deny the allegations in Paragraph 20.

21.     The Insurers are without sufficient information to admit or deny the allegations in Paragraph 21.

22.     The Insurers are without sufficient information to admit or deny the allegations in Paragraph 22, except admit, based on information and belief, that ACON Investments, LLC directly or indirectly owned Fiesta Mart during and prior to Hurricane Harvey.

23.     The Insurers are without sufficient information to admit or deny the allegations in Paragraph 23, except admit, based on information and belief, that Willis acted as insurance broker at all relevant times for ACON Investments, LLC.

A.      **Willis Becomes Fiesta Mart's Broker**

24.     The allegations in Paragraph 24 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 26.

27.     The allegations in Paragraph 27 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 are not directed at the Insurers. To the extent a response is required, The Insurers are without sufficient information to admit or deny the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 32.

**B.      <u>Hurricane Harvey</u>**

33.     The Insurers deny the allegations in Paragraph 33, except admit that, on or about August 25, 2017, Hurricane Harvey made landfall and damaged property in Houston, including Fiesta Mart's store #23.

34.     The Insurers deny the allegations in Paragraph 34, except admit that Fiesta Mart's stores #56 and #10 sustained damage.

35.     The Insurers are without sufficient information to admit or deny the allegations in Paragraph 35.

36.     The Insurers are without sufficient information to admit or deny the allegations in Paragraph 36.

C.      **The Primary Policies**

37.     The Insurers deny each and every allegation in Paragraph 37, except admit that Willis secured insurance policies from the Insurers wherein the "Named Insured" with respect to Fiesta Mart was "ACON Fiesta Holdings, LLC," an entity that, upon information and belief, directly and/or indirectly owned Fiesta Mart during and/or prior to Hurricane Harvey, and the Insurers refer to those policies (Allied World Insurance Company Policy No. 0310-7409-1A, Arch Specialty Insurance Co. Policy No. ESP 7303053-01, Aspen Specialty Insurance Company Policy No. PRAGK1017, Hiscox Inc. Policy No. URS2552391.17, HDI Global Insurance Company Policy No. CPD1488300, Indian Harbor Insurance Company Policy No. PRO004762901, and Westport Insurance Corporation Policy No NAP 2001214 01, herein, the "Insurance Policies") and respectfully refer the Court to their terms and conditions.

38.     Paragraph 38 asserts legal conclusions to which no response is required. To the extent a response is required, the Insurers deny each and every allegation in Paragraph 38, except admit that the Insurers issued the Insurance Policies, and respectfully refer the Court to their terms and conditions.

39.     The Insurers deny each and every allegation in Paragraph 39, except admit that the Insurers issued the Insurance Policies, and respectfully refer the Court to their terms and conditions.

40.     The Insurers deny each and every allegation in Paragraph 40, except admit that the Insurers issued the Insurance Policies, and respectfully refer the Court to their terms and conditions.

41.     The allegations in Paragraph 41 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 41.

42.     The Insurers are without sufficient information to admit or deny the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 are not directed at the Insurers. To the extent a response is required, the Insurers deny each and every allegation in Paragraph 44, except state that they are without sufficient information to admit or deny allegations concerning any assurances made by Willis.

45.     The Insurers deny each and every allegation in Paragraph 45, except admit that the Insurers issued the Insurance Policies and respectfully refer the Court to their terms and conditions.

46.     The allegations in Paragraph 46 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 46.

47.     The Insurers deny each and every allegation in Paragraph 47, except admit that the Insurers issued the Insurance Policies, and respectfully refer the Court to their terms and conditions.

**D.**    **Fiesta Mart Submits the First Proofs of Loss and Willis Ensures that Fiesta Mart is Paid the Proceeds**

48.    The Insurers deny each and every allegation in Paragraph 48, except admit that the Insurers issued the Insurance Policies, and respectfully refer the Court to their terms and conditions.

49.    The Insurers deny each and every allegation in Paragraph 49, except admit that the Insurers issued the Insurance Policies, and respectfully refer the Court to their terms and conditions.

50.    The Insurers deny each and every allegation in Paragraph 50, except admit that, on or about September 28, 2017, Willis submitted to the Insurers First Partial Proofs of Loss on behalf of "ACON Investments, LLC (ACON Fiesta Holdings, LLC)" as and for its interest in property of Fiesta Mart that was damaged by Hurricane Harvey; the Insurers otherwise refer to the First Partial Proofs of Loss for their contents.

51.    The Insurers deny each and every allegation in Paragraph 51, except admit that, on or about September 28, 2017, Willis submitted to the Insurers First Partial Proofs of Loss on behalf of "ACON Investments, LLC (ACON Fiesta Holdings, LLC)" as and for its interest in property of Fiesta Mart that was damaged by Hurricane Harvey; the Insurers otherwise refer to the First Partial Proofs of Loss for their contents.

52.    The allegations in Paragraph 52 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 52.

53.    The allegations in Paragraph 53 are not directed at the Insurers. To the extent a response is required, the Insurers deny each and every allegation in Paragraph 53, except admit that, in connection with Willis's submission to the Insurers of First Partial Proofs of Loss on

behalf of "ACON Investments, LLC (ACON Fiesta Holdings, LLC)," Willis instructed the Insurers in writing to issue payment to Fiesta Mart.

54.     The Insurers deny each and every allegation in Paragraph 54, except admit that the Insurers accepted First Partial Proofs of Loss from Willis on behalf of "ACON Investments, LLC (ACON Fiesta Holdings, LLC)" as and for its interest in property of Fiesta Mart that was damaged by Hurricane Harvey; the Insurers otherwise refer to the First Partial Proofs of Loss for their contents.

55.     The Insurers deny each and every allegation in Paragraph 55, except admit that they followed instructions given by Willis on behalf of "ACON Investments, LLC (ACON Fiesta Holdings, LLC)," including Willis's written instruction for the Insurers to issue payment to Fiesta Mart.

**E.      Willis Represents that it is on Fiesta Mart's "Team" to seek Insurance Proceeds for Fiesta Mart's Business Interruption Loss**

56.     The Insurers deny each and every allegation in Paragraph 56, except admit that Willis pursued a claim for business interruption losses on behalf of "ACON Investments, LLC (ACON Fiesta Holdings, LLC)" as and for its interest in property of Fiesta Mart that was damaged by Hurricane Harvey.

57.     The Insurers deny each and every allegation in Paragraph 57, except admit that the Insurers issued the Insurance Policies, and respectfully refer the Court to their terms and conditions.

58.     Paragraph 58 asserts legal conclusions to which no response is required. To the extent a response is required, the Insurers deny the allegations in Paragraph 58, except admit that "ACON Investments, LLC (ACON Fiesta Holdings, LLC)" sustained a loss with respect to its interest in property of Fiesta Mart that was damaged by Hurricane Harvey.

59.     The Insurers are without sufficient information to admit or deny the allegations in Paragraph 59, except deny these allegations to the extent that they intend to suggest that "ACON Investments, LLC (ACON Fiesta Holdings, LLC)" did not directly and/or indirectly own Fiesta Mart at the time of Hurricane Harvey or thereafter.

60.     The Insurers admit that Matson Driscoll & Damico LLP corresponded with Fiesta Mart and otherwise deny each and every allegation in Paragraph 60, including any allegation suggesting that "ACON Investments, LLC (ACON Fiesta Holdings, LLC)" did not directly and/or indirectly own Fiesta Mart and any allegation suggesting that the Insurers' consultants did not act in accord with instructions from ACON and/or ACON's representatives at Willis.

61.     The allegations in Paragraph 61 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 62.

**F.    ACON Sells Fiesta Mart**

63.     The allegations in Paragraph 63 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 63.

**G.    Willis Directs Fiesta Mart's Insurance Proceeds to ACON**

64.     The Insurers deny each and every allegation in Paragraph 64, except admit that, in August 2018, ACON submitted a number of Sworn Statements in Proof of Loss the contents of which speak for itself.

65. The Insurers deny each and every allegation in Paragraph 65, except admit that, in August 2018, ACON submitted a number of Sworn Statements in Proof of Loss the contents of which speak for itself.

66. The Insurers are without sufficient information to admit or deny the allegations in Paragraph 66.

67. The allegations in Paragraph 67 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 67.

68. The allegations in Paragraph 68 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 68.

69. The allegations in Paragraph 69 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 69.

70. The allegations in Paragraph 70 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 70.

71. The allegations in Paragraph 71 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 71.

72. The allegations in Paragraph 72 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 72.

73.    The allegations in Paragraph 73 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 73.

74.    The Insurers deny each and every allegation in Paragraph 74, except admit that, in late 2018, the Insurers paid a total of $4,780,347 to one or more ACON-owned entities as and for their losses, measured on an "actual cash value" basis, for the actual cash value of Fiesta Mart locations that were damaged by Hurricane Harvey.

75.    The allegations in Paragraph 75 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 75.

76.    The allegations in Paragraph 76 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 76.

77.    The allegations in Paragraph 77 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 77.

78.    The allegations in Paragraph 78 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 78.

79.    Paragraph 79 asserts legal conclusions to which no response is required. Further, the allegations in Paragraph 79 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 79.

80.     Paragraph 80 asserts legal conclusions to which no response is required. Further, the allegations in Paragraph 80 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 80.

81.     The Insurers are without sufficient information to admit or deny the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 82, except deny that Insurers owe Fiesta Mart proceeds under the Policies, attorneys' fees, or any other costs or amounts.

**H.      Willis Ignores its Insured, Fiesta Mart, as Fiesta Mart Seeks its Assistance for Remaining Harvey Loss Coverage**

83.     The allegations in Paragraph 83 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 84.

85.     The allegations in Paragraph 85 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 85.

86.     Paragraph 86 asserts legal conclusions to which no response is required. Further, the allegations in Paragraph 86 are not directed at the Insurers. To the extent a response is

required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 86.

87.     Paragraph 87 asserts legal conclusions to which no response is required. Further, the allegations in Paragraph 87 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 87.

88.     The allegations in Paragraph 88 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 88, except deny that Insurers owe Fiesta Mart proceeds under the Policies, attorneys' fees, or any other costs or amounts.

89.     The allegations in Paragraph 89 are not directed at the Insurers. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 89.

**I.     <u>The Insurers Refuse to Compensate Fiesta Mart under the Insurance Policy</u>**

90.     The Insurers deny each and every allegation in Paragraph 90, except admit that the Insurers issued the Insurance Policies, and respectfully refer the Court to their terms and conditions.

91.     The Insurers deny each and every allegation in Paragraph 91, except admit that, in October 2018, Fiesta Mart sent a letter to the Insurers, the contents of which speak for itself.

92.     The Insurers deny each and every allegation in Paragraph 92, except admit that, in October 2018, Fiesta Mart sent a letter to the Insurers, the contents of which speak for itself.

93.     The Insurers deny each and every allegation in Paragraph 93, except admit that, in October 2018, the Insurers sent a letter to Fiesta Mart, the contents of which speak for itself.

94. The Insurers deny each and every allegation in Paragraph 94, except admit, based on information and belief, that Fiesta Mart and ACON entered into a litigation (that did not include the Insurers) and subsequent mediation (that did not include the Insurers), and that ACON purported to assign to Fiesta Mart a claim for insurance proceeds "despite ACON's lack of any ownership interest in Fiesta Mart at the time" as alleged above.

95. The Insurers are without sufficient information to admit or deny the allegations in Paragraph 95.

96. The Insurers deny each and every allegation in Paragraph 96, except admit that the respective legal counsel for the Insurers, Fiesta Mart, and ACON engaged in settlement discussions subject to a <u>White</u> waiver agreement (a without prejudice/confidentiality agreement) that protects the contents of such discussions from public disclosure through pleadings or otherwise.

97. The Insurers deny each and every allegation in Paragraph 97, except admit that the respective legal counsel for the Insurers, Fiesta Mart, and ACON engaged in settlement discussions subject to a <u>White</u> waiver agreement that protects the contents of such discussions from public disclosure through pleadings or otherwise. Many if not all allegations set forth in Paragraph 97 breach the terms of the <u>White</u> waiver agreement, as well as mischaracterize the protected communications.

98. The Insurers deny each and every allegation in Paragraph 98. Many if not all allegations set forth in Paragraph 98 breach the terms of the <u>White</u> waiver agreement, as well as mischaracterize the protected communications.

99. The Insurers deny each and every allegation in Paragraph 99, except admit that the Insurers and ACON engaged in settlement discussions subject to a <u>White</u> waiver agreement

that protects the contents of such discussions from public disclosure through pleadings or otherwise. Many if not all allegations set forth in Paragraph 99 breach the terms of the <u>White</u> waiver agreement, as well as mischaracterize the protected communications.

100. The Insurers are without sufficient information to admit or deny the allegations in Paragraph 100.

101. The Insurers deny each and every allegation in Paragraph 101, except admit that, in September of 2020, Fiesta Mart sent a letter to the Insurers, the contents of which speak for itself.

102. The Insurers deny each and every allegation in Paragraph 102, except admit that the Insurers sent Fiesta Mart a response letter, the contents of which speak for itself.

103. The Insurers deny each and every allegation in Paragraph 103.

**First Cause of Action**
**(Violation of Tex. Ins. Code §§ 541.051 and 541.061 by Willis)**

104. Paragraph 104 requires no response. To the extent a response is required, the Insurers repeat and re-allege their responses to the preceding paragraphs as if set forth fully herein.

105. Paragraph 105 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 105.

106. Paragraph 106 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 106.

107. Paragraph 107 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 107.

108. Paragraph 108 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 108.

109.     Paragraph 109 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 109.

110.     Paragraph 110 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 110.

## Second Cause of Action
### (Breach of Contract by Willis)

111.     Paragraph 111 requires no response. To the extent a response is required, the Insurers repeat and re-allege their responses to the preceding paragraphs as if set forth fully herein.

112.     Paragraph 112 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 112.

113.     Paragraph 113 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 113.

114.     Paragraph 114 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 114.

115.     Paragraph 115 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 115.

## Third Cause of Action
### (Negligence/Negligent Misrepresentation by Willis)

116.     Paragraph 116 requires no response. To the extent a response is required, the Insurers repeat and re-allege their responses to the preceding paragraphs as if set forth fully herein.

117.     Paragraph 117 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 117.

118.     Paragraph 118 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 118.

119.     Paragraph 119 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 119.

120.     Paragraph 120 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 120.

121.     Paragraph 121 requires no response. To the extent a response is required, the Insurers are without sufficient information to admit or deny the allegations in Paragraph 121.

**Fourth Cause of Action**
**(Breach of Contract by the Insurers)**

122.     In response to Paragraph 122, the Insurers repeat and re-allege their responses to the preceding paragraphs as if set forth fully herein.

123.     The Insurers deny each and every allegation in Paragraph 123.

124.     The Insurers deny each and every allegation in Paragraph 124.

125.     The Insurers deny each and every allegation in Paragraph 125.

**Attorney Fees and Expenses**

126.     Paragraph 126 asserts legal conclusions to which no response is required. To the extent a response is required, the Insurers deny each and every allegation in Paragraph 126.

**Conditions Precedent**

127.     Paragraph 127 asserts legal conclusions to which no response is required. To the extent a response is required, the Insurers deny each and every allegation in Paragraph 127.

**Jury Demand**

128.     Paragraph 128 requires no response.

## AFFIRMATIVE DEFENSES

The Insurers allege as follows as and for their affirmative defenses to Fiesta Mart's First Amended Complaint.

### First Affirmative Defense

1.     The First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.     Fiesta Mart's claims may be barred or limited by the doctrine of accord and satisfaction.

### Third Affirmative Defense

3.     Fiesta Mart's claim is barred, either in whole or in part, because the Insurers did not proximately cause Fiesta Mart to suffer any damages and Fiesta Mart's damages (if any) were caused by Fiesta Mart's own actions or the actions of others for which the Insurers are not responsible.

### Fourth Affirmative Defense

4.     To the extent such allegations are made against the Insurers, Fiesta Mart has no legal right to recover attorneys' fees, costs of suit, penalties, punitive damages, or exemplary damages. The Insurers deny that they are obligated for the fees and/or costs set forth in Tex. Civ. Prac. & Rem. Code §38.001, *et. seq*., as awarding such costs and/or fees is not reasonable or just by virtue of the absence of damages.

### Fifth Affirmative Defense

5.     Fiesta Mart's claim may be barred by the doctrines of waiver, laches, unclean hands, and estoppel.

<u>Sixth Affirmative Defense</u>

6.     Fiesta Mart failed to provide written notice to the Insurers in accordance with Texas Insurance Code §§ 541, 542, and 542A.

<u>Seventh Affirmative Defense</u>

7.     Fiesta Mart's claims are barred because Plaintiff Fiesta Mart is neither the "Insured" nor an intended third-party beneficiary of the Insurance Policies.

8.     Moreover, under the Insurance Policies, the issuance of Certificates of Insurance is "subject always to" the terms of the Insurance Policies, and such terms prevent Plaintiff Fiesta Mart from being declared the "Named Insured."

9.     Additionally, the doctrines of estoppel and/or unclean hands and/or laches bar Fiesta Mart from claiming to have designated an "additional insured" under the Insurance Policies.

<u>Eighth Affirmative Defense</u>

10.     Fiesta Mart's claims are barred because they rely on the validity of a purported assignment of a right to a certain type of insurance proceeds from ACON, and ACON did not possess any such right at the time of the purported assignment.

11.     To the extent Fiesta Mart accepted a purported assignment from ACON despite Fiesta Mart's actual knowledge that ACON did not have any such right to assign, Fiesta Mart's claims: amount to a misrepresentation; are barred by Fiesta Mart's own unclean hands; are otherwise barred; and Fiesta Mart should be judicially estopped or otherwise estopped from asserting the validity of any such assignment.

## Ninth Affirmative Defense

12.　　To the extent Fiesta Mart is in breach of its <u>White</u> waiver obligations with respect to the disclosure of the contents settlement discussions, the "at issue" doctrine prevents, estops, and/or otherwise bars Fiesta Mart from using such discussions as both a sword and a shield, and Fiesta Mart therefore cannot shield from this Court the fact or implications of Fiesta Mart's actual knowledge and belief that ACON did not have a valid assignable right to the insurance proceeds at issue at the time that Fiesta Mart accepted such assignment anyway.

## Tenth Affirmative Defense

13.　　Even if Fiesta Mart were the "Insured" under the Insurance Policies, Fiesta Mart's claims still would be barred to the extent that Fiesta Mart has failed to satisfy conditions precedent to coverage under the Insurance Policies, or any other such coverage triggers/requirements.

## Eleventh Affirmative Defense

14.　　Even if Fiesta Mart were the "Insured" under the Insurance Policies, Fiesta Mart's claims still would be subject to the terms and conditions of the Insurance Policies, including, but not limited to, the limits of liability, deductibles, exclusions, limitations and endorsements.

15.　　For example, and without limitation, Fiesta Mart failed to act with "due diligence and dispatch" to rebuild or repair the property at issue. That failure was not attributable to the Insurers' non-payment and, even if it were, the Insurers had no duty to pay for such expenses on any date before they were actually incurred.

## Twelfth Affirmative Defense

16.　　To the extent Fiesta Mart's claimed damages were not caused by Hurricane Harvey, there is no coverage under the Insurance Policies.

## Thirteenth Affirmative Defense

17.      Fiesta Mart's claims are barred in whole or in part by Fiesta Mart's failure to take reasonable measures to mitigate, minimize, or avoid damages.

## Fourteenth Affirmative Defense

18.      Fiesta Mart's claim is barred to the extent it seeks recovery for damage to property that is not covered under the Insurance Policies.

## Fifteenth Affirmative Defense.

19.      Any recovery by Fiesta Mart is subject to setoff or reduction to the extent amounts have already been paid by the Insurers.

## Sixteenth Affirmative Defense

20.      Any recovery by Fiesta Mart is subject to setoff or reduction to the extent Fiesta Mart's losses were indemnifiable under any other insurance policy.

## Seventeenth Affirmative Defense

21.      The Insurance Policies contain the following text that may serve to limit the amount of any potential recovery by Fiesta Mart:

> 10.      PROPERTY VALUATION - The basis of loss adjustment shall be as follows:
>
> ***
>
> h)      Other property not otherwise provided for; at replacement cost new without deduction for depreciation. If the property is not repaired, rebuilt or replaced with similar property on the same or another site, the Company shall not be liable for more than the actual cash value of the property damaged or destroyed. Loss settlement on a replacement cost basis shall include Architect and Engineering Fees to the extent incurred as a result of a loss which would be payable under this policy and shall be subject to the following provisions:

i)      The repairs, replacement or reinstatement must be executed with due diligence and dispatch.

Eighteenth Affirmative Defense

22.     Each of the Insurers severally provided quota share subscriptions for the Policies at issue.

23.     The Policies' Participation Endorsement states in relevant part:

> In consideration of the premium charged, the subscribers hereto, hereinafter referred to as the Insurer(s) and/or Company(ies), do severally, but not jointly, agree to indemnify the Insured for the amount recoverable in accordance with the terms and conditions of the Policy.
>
> Provided that:
>
> 1.      The collective liability of Insurer(s) shall not exceed the Limit of Liability or any appropriate Sublimit of Liability or any Annual Aggregate limit.
>
> 2.      The liability of each of the Insurer(s) shall not exceed the Participation Limit set against its name.
>
> Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy except as herein above set forth.

24.     Each Insurer's respective liability is limited by the Participation Limit set against its name.

Nineteenth  Affirmative Defense

25.     The Insurers reserve the right to raise additional affirmative defense upon discovery of further information regarding Fiesta Mart's claim.

**Prayer for Relief**

WHEREFORE, the Insurers ask for a judgment:

a)     That Fiesta Mart take nothing;

b)     dismissing the First Amended Complaint with prejudice;

c)     awarding the Insurers its costs and attorneys' fees; and

d)     awarding the Insurers such other or further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Dustin L. DuBose

Dustin L. DuBose
Attorney-in-Charge
Texas Bar No. 24076004
Southern District of Texas No. 1034948

Mound Cotton Wollan & Greengrass LLP
3 Greenway Plaza, Suite 1300
Houston, Texas 77046
Email: DDubose@Moundcotton.com
Telephone: (281) 572-8350

Jeffrey S. Weinstein
Admitted *Pro Hac Vice*
Bruce R. Kaliner
Admitted *Pro Hac Vice*
Samuel B. Weiss
Admitted *Pro Hac Vice*

Mound Cotton Wollan & Greengrass LLP
One New York Plaza, Fl. 44
New York, New York 10004

JWeinstein@Moundcotton.com
BKaliner@Moundcotton.com
SWeiss@Moundcotton.com

## CERTIFICATE OF SERVICE

I certify that March 4, 2021, the foregoing was served by email and/or by electronic filing service on all counsel of record.

/s/ Dustin L. DuBose
Dustin L. DuBose
