THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FIESTA MART, LLC,** | § § § | |
| Plaintiff, | § § | Hon. Vanessa Gilmore |
| v. | § § | Civil Action No. 4:20-CV-03484 |
| **WILLIS OF ILLINOIS, INC., WILLIS TOWERS WATSON US, LLC, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., ARCH SPECIALTY INSURANCE COMPANY, ASPEN SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON (HISCOX), HDI GLOBAL INSURANCE COMPANY, INDIAN HARBOR INSURANCE COMPANY, and WESTPORT INSURANCE CORPORATION,** | § § § § § § § § § § § § § § | |
| Defendants, | § § | |
| v. | § § | |
| **ACON INVESTMENTS, L.L.C.** | § § | |
| Additional Counterclaim Defendant. | § § § | |

**ACON INVESTMENTS, L.L.C.'s ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIM**

Counterclaim Defendant ACON Investments, L.L.C. ("ACON"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses to Defendants'[1] Counterclaim (Dkt. 50, pgs. 26-37).

1. The allegations in Paragraph 1 contain the Insurers' statement of the case, and thus no response is required.

2. The allegations in Paragraph 2 contain the Insurers' statement of the case, and thus no response is required.

3. The allegations in Paragraph 3 contain the Insurers' statement of the case, and thus no response is required.

4. The allegations in Paragraph 4 contain the Insurers' statement of the case, and thus no response is required.

**Parties**

5. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

---

[1] The Counterclaim against ACON is brought by Defendants, Allied World Assurance Company, (U.S.) Inc., Arch Specialty Insurance Company, Aspen Specialty Insurance Company, Certain Underwrites at Lloyd's of London (Hiscox), HDI Global Insurance Company, Indian Harbor Insurance Company, and Westport Insurance Company, collectively referred to as "Defendants."

9. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. ACON admits the allegations in Paragraph 13.

14. ACON admits the allegations in Paragraph 14.

## Jurisdiction and Venue

15. ACON denies the allegations in Paragraph 15, except admits, based on information and belief, that Defendants Willis removed this case from state court on the basis of diversity jurisdiction.

16. ACON denies the allegations in Paragraph 16.

17. ACON denies the allegations in Paragraph 17.

18. ACON denies the allegations in Paragraph 18, except admits that the properties at issue in this lawsuit are located in this District.

19. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

## Relevant Factual Background

**A. The Insurance Policies**

20. ACON admits the allegations in Paragraph 20.

21. ACON admits the allegations in Paragraph 21.

22. ACON denies the allegations in Paragraph 22. By way of further explanation, ACON states that until approximately April 2018, Fiesta Holdings Investments, LLC and other ACON-affiliated entities indirectly owned Fiesta Mart, which is a food retail business. Bodega purchased Fiesta Mart in approximately April 2018.

23. ACON admits the allegations in Paragraph 23.

24. ACON admits the allegations in Paragraph 24.

25. ACON admits the allegations in Paragraph 25.

26. ACON admits the allegations in Paragraph 26.

27. ACON admits the allegations in Paragraph 27.

28. ACON admits the allegations in Paragraph 28.

**B. Hurricane Harvey**

29. ACON admits the allegations in Paragraph 29.

30. ACON denies the allegations in Paragraph 30.

31. ACON admits that the two stores that did not reopen as of March 2018 were Stores 56 and 10. ACON denies the remaining allegations in Paragraph 31.

32. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

**C. Two Proofs of Loss**

34. ACON admits that on or about September 26, 2017, ACON submitted to the Insurers First Partial Proofs of Loss on behalf of "ACON Investments, LLC (ACON Fiesta

Holdings, LLC)" as and for the insurable interest in property of Fiesta Mart that was damaged by Hurricane Harvey. ACON is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24; specifically, the date that Willis submitted to the Insurers First Partial Proofs of Loss on behalf of "ACON Investments, LLC (ACON Fiesta Holdings, LLC)" as and for the insurable interest in property of Fiesta Mart that was damaged by Hurricane Harvey.

35. ACON admits that ACON directed Willis to submit to the Insurers the First Partial Proofs of Loss.

36. ACON admits the allegations in Paragraph 36.

37. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. ACON admits the allegations in Paragraph 38.

39. ACON admits that in or about August 2018, ACON and Fiesta Holdings Investments, LLC submitted signed and notarized Second Partial Proofs of Loss claiming $4,780,347 (after a $250,000 deductible) in additional property damage.

40. ACON admits the allegations in Paragraph 40.

41. ACON admits that it instructed Willis—not the Insurers—to have the Insurers issue payment for the Second Proofs to a Wells Fargo bank account with the account name of "Fiesta Holdings Investments, L.L.C."

42. ACON admits the allegations in Paragraph 42.

43. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. ACON denies the allegations in Paragraph 44, except admits that the Insurers paid $4,302,312 to ACON and Fiesta Holdings Investments, LLC in or about September and October 2018.

**D. ACON Sells Fiesta Mart**

45. ACON denies the allegations in Paragraph 45.

46. ACON denies the allegations in Paragraph 46.

47. ACON admits the allegations in Paragraph 47.

48. ACON admits the allegations in Paragraph 48.

49. ACON denies the allegations in Paragraph 49.

50. ACON denies the allegations in Paragraph 50.

51. ACON admits the allegations in Paragraph 51.

52. ACON admits the allegations in Paragraph 52.

53. The contract referenced in Paragraph 53 is a writing that speaks for itself and any characterization thereof is denied.

54. ACON denies the allegations in Paragraph 54.

**E. ACON Sues Fiesta Mart**

55. ACON admits the allegations in Paragraph 55.

56. ACON admits the allegations in Paragraph 56.

57. ACON admits that ACON and Fiesta Mart settled their dispute on or about February 14, 2020, but denies that ACON was the entity that sold Fiesta Mart to Bodega.

58. ACON admits that ACON and Fiesta Holdings Investments, LLC assigned to Fiesta Mart certain purported rights under the Insurance Policies through an Assignment Agreement.

59. ACON admits the allegations in Paragraph 59.

60. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. ACON admits the allegations in Paragraph 61.

62. ACON denies the allegations in Paragraph 62.

63. ACON denies the allegations in Paragraph 63.

64. ACON denies that it was the entity that sold Fiesta Mart to Bodega. ACON is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64.

65. ACON denies that it was the entity that sold Fiesta Mart to Bodega. ACON is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65.

66. ACON admits that ACON and Fiesta Holdings Investments, LLC entered into the Assignment Agreement with Fiesta Mart. ACON is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66.

67. ACON admits that ACON and Fiesta Holdings Investments, LLC entered into the Assignment Agreement with Fiesta Mart. ACON is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67.

68. ACON admits the allegations in Paragraph 68.

**F. Fiesta Mart Approaches the Insurers**

69. ACON admits that during the pendency of the ACON/Fiesta Mart lawsuit, ACON's legal counsel approached legal counsel for the Insurers to discuss any further proceeds

potentially owed to ACON. ACON is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69.

70. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72. ACON denies the allegations in Paragraph 72.

73. ACON admits the allegations in Paragraph 73.

74. The Policies referenced in Paragraph 74 are writings that speak for themselves and any characterization thereof is denied.

75. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76. ACON is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. Paragraph 77 contains a legal conclusion to which no response is required. To the extent a response is required, ACON denies the allegations in Paragraph 77.

## CAUSES OF ACTION

### Count I
### (Declaratory Judgment that ACON's Assignment Was Invalid)

78. ACON realleges the preceding paragraphs 1-77 as if set forth fully herein.

79. ACON denies the allegations in Paragraph 79.

80. ACON denies the allegations in Paragraph 80.

81. ACON denies the allegations in Paragraph 81.

82. ACON denies the allegations in Paragraph 82.

## Count II
**(Declaratory Judgment that Fiesta Mart is not an Insured under the Insurance Policies)**

83. The allegations in Paragraph 83 are not directed against ACON; thus, no response is required.

84. The allegations in Paragraph 84 are not directed against ACON; thus, no response is required.

85. The allegations in Paragraph 85 are not directed against ACON; thus, no response is required.

86. The allegations in Paragraph 86 are not directed against ACON; thus, no response is required.

87. The allegations in Paragraph 87 are not directed against ACON; thus, no response is required.

## Count III
**(Declaratory Judgment that Fiesta Mart Failed to use Due Diligence and Dispatch)**

88. The allegations in Paragraph 88 are not directed against ACON; thus, no response is required.

89. The allegations in Paragraph 89 are not directed against ACON; thus, no response is required.

90. The allegations in Paragraph 90 are not directed against ACON; thus, no response is required.

91. The allegations in Paragraph 91 are not directed against ACON; thus, no response is required.

92. The allegations in Paragraph 92 are not directed against ACON; thus, no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

ACON asserts the following affirmative and other defenses, without prejudice to its right to argue that the Insurers bears the burden of proof regarding some or all of these defenses. ACON reserves the right to assert additional affirmative defenses upon further investigation and discovery into the matters alleged.

1. The Court lacks subject-matter jurisdiction over the Insurer's Counterclaim against ACON because there is no case or controversy between ACON and the Insurers.

Dated: June 1, 2021

Respectfully submitted,

/S/ *Philip H. Hilder*
Philip H. Hilder
Attorney In Charge
Texas Bar No. 09620050
Stephanie K. McGuire – Counsel
Texas Bar No. 11000520
HILDER & ASSOCIATES, P.C.
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
stephanie@hilderlaw.com

ATTORNEYS FOR ACON INVESTMENTS, L.L.C.

*Of Counsel for ACON Investments, L.L.C.*

Paul C. Rauser (D.C. Bar No. 461722)
Serine Consolino (D.C. Bar No. 1033847)
AEGIS LAW GROUP LLP
801 Pennsylvania Avenue, N.W., Ste 740
Washington, D.C. 20004
Tel: (202) 737-3500
Fax: (202) 735-5071

## CERTIFICATE OF SERVICE

   I certify that on June 1, 2021, the foregoing was served by email and/or electronic filing service on all counsel of record.

*/s/ Philip H. Hilder*_____
