United States District Court
Southern District of Texas
**ENTERED**
August 10, 2021
Nathan Ochsner, Clerk

# THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **FIESTA MART, LLC**, | § § § | |
| Plaintiff | § § | Hon. Vanessa Gilmore |
| v. | § § | |
| **WILLIS OF ILLINOIS, INC., WILLIS TOWERS WATSON US, LLC, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., ARCH SPECIALTY INSURANCE COMPANY, ASPEN SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON (HISCOX), HDI GLOBAL INSURANCE COMPANY, INDIAN HARBOR INSURANCE COMPANY, and WESTPORT INSURANCE CORPORATION**, | § § § § § § § § § § § § § § § | Civil Action No.: 4:20-CV-03484 |
| Defendants. | § § | |
| v. | § § § | |
| **ACON INVESTMENTS, L.L.C.** | § § § | |
| Additional Counterclaim Defendant | § § § § | |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order is made between Plaintiff, Fiesta Mart, LLC, and

Defendants, Willis Of Illinois, Inc., Willis Towers Watson US, LLC, Allied World Assurance

Company (U.S.) Inc., Arch Specialty Insurance Company, Aspen Specialty Insurance Company,

Certain Underwriters At Lloyd's Of London (Hiscox), HDI Global Insurance Company, Indian Harbor Insurance Company, and Westport Insurance Corporation, and Additional Counterclaim Defendant ACON Investments LLC (collectively "the Parties," or the "Party").

WHEREAS, the Parties are in need of discovery in this action in order to prosecute and defend the allegations made herein; and

WHEREAS, the Parties seek to prevent undue or unwarranted disclosure of confidential, personal, commercial, financial, proprietary, copyrighted, trademarked, patented, trade secret, and design information and/or materials that may be divulged during discovery in this action; and

WHEREAS, the Parties hereto desire to facilitate discovery and maintain the confidentiality of such information.

NOW, THEREFORE, in consideration of the mutual promises herein and pursuant to the Federal Rules of Civil Procedure, the Parties agree as follows:

1. Any Party may designate and visibly mark as "CONFIDENTIAL" information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1), specifically including without limitation material that contains (or is derived from) trade secrets or other confidential research, development, or other non-public information of commercial value or related to company security or, sensitive or confidential personal information (the "Protected Information"), and produce such Protected Information without waiving any applicable privilege or ground for objection. Such designation constitutes a representation by the Party that it has a reasonable basis to believe that the Protected Information so designated is, in fact, confidential information

appropriate for protection as confidential and that it is entitled to that protection. No information that is in the public domain shall be deemed or considered to be Protected Information under this Stipulated Protective Order.

2. The Parties shall disclose Protected Information designated as "CONFIDENTIAL" to only the following:

   a. The receiving Party's outside attorneys, as well as said outside attorneys' employees and staff;

   b. The officers, directors, employees and auditors/tax advisors deemed as consultants of the receiving Party (including in-house counsel) to whom disclosure is reasonably necessary for this litigation;

   c. Experts or consultants retained or employed by the receiving Party in connection with this action, but only to the extent deemed by the receiving Party's counsel to be necessary for the proper representation of their client in this action and provided such experts or consultants have signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A;

   d. Professional vendors retained by the Parties to assist in preparing for pretrial discovery, depositions, hearings, and/or trial, including but not limited to e-discovery vendors, litigation support vendors, court reporters and their staff, professional jury or trial consultants, and mock jurors, to whom disclosure reasonably is necessary for this litigation;

   e. Any person who is a witness or deponent, and his or her counsel, during the course of a deposition or testimony in the litigation or in preparation for a deposition or trial; provided, however, that a person identified solely in this

    subparagraph shall not be permitted to retain copies of such Protected Information;

f. The Court and its personnel;

g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. Reinsurers and/or auditors to which a Party has a legal or contractual obligation to disclose Protected Information, provided such reinsurers and/or auditors are (i) made aware of the existence and terms of this Stipulated Protective Order and (ii) advised that Protected Information designated as "CONFIDENTIAL" may <u>not</u> be disclosed or used for any purpose whatsoever other than in connection with acting as reinsurer or auditor in this case and that any unauthorized use or disclosure of such Protected Information may subject them to sanctions by the Court;

i. Regulators to which a Party has a legal or contractual obligation to disclose Protected Information, provided such regulators are made aware of the existence and terms of this Stipulated Protective Order;

j. Mediators and any employees thereof retained for the purposes of this litigation;

k. Pursuant to a subpoena or other document compelling disclosure issued by a court or other administrative agency as described in Paragraph 12;

l. Other persons as may be designated by written stipulation of counsel for the designating Party; and

m. By specific order of the Court.

3. Unless otherwise permitted by this Stipulated Protective Order, all Protected Information designated as "CONFIDENTIAL": (a) shall not be disclosed or used for any purpose other than for prosecuting, defending, or attempting to settle this litigation; (b) shall not be disclosed to or used by any third Party, except as delineated in Paragraph 2; and (c) shall not be filed with the Court, as an exhibit, as part of a deposition transcript, pleading, motion, memorandum, or otherwise, unless the filing Party: 1) reaches an agreement with the designating Party on filing the document in either full or redacted form; 2) seeks and obtains Court approval for filing the document in full or redacted form; or 3) seeks and obtains Court approval for filing such document under seal (and in accordance with any applicable Case Management Order issued by the presiding judge).

4. Each person given access to Protected Information designated as "CONFIDENTIAL" or information derived therefrom shall be advised that such material and/or information is being disclosed pursuant and subject to the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to the terms hereof. In the event any receiving Party wishes to disclose any Protected Information, or provide copies of any document(s) or transcript(s) designated as "CONFIDENTIAL," to an outside expert, consultant, or witness, the individual or entity to whom such Protected Information is to be provided shall be required to sign, prior to receiving the Protected Information, an agreement in the form attached hereto as Exhibit "A," which agreement shall be retained by counsel for the Party disclosing the Protected Information.

5. Nothing in this Stipulated Protective Order shall be deemed to restrict a Party's use of its own documents, testimony, or other information produced in this case, regardless of whether such documents, testimony, or information have been designated as Protected Information.

6. When Protected Information is used or referenced in a deposition, or when a Party's counsel deems that the answer to a question asked at a deposition will result in the disclosure of Protected Information as described above, any Party's counsel may:

    a. State on the record that the documents referred to or the testimony elicited constitutes Protected Information and that the transcript of that portion of the deposition should be filed in the manner prescribed below.

    b. Designate any portion of a deposition transcript as "CONFIDENTIAL" within twenty-one (21) days after receipt of the transcript. All information contained in the transcript shall be deemed Protected Information until the expiration of this twenty-one (21) day period.

7. Any Party may challenge a designation of confidentiality at any time. For each designation being challenged, the Party must (1) identify the Bates number of the document with such designation and (2) set forth its basis for challenging the designation. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. If the receiving Party objects in writing to the designation of any document, information, or portion of a

deposition transcript as "CONFIDENTIAL" by a designating Party, the Parties shall confer directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of the written objection. If the Parties cannot resolve a challenge without court intervention, the designating Party shall file and serve a motion to retain confidentiality within fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this paragraph. Failure by the designating Party to make such a motion including the required declaration within fourteen (14) days shall automatically waive the confidentiality designation for each challenged designation, unless the parties agree otherwise. In addition, the challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this paragraph.

8. When a producing Party gives notice to a receiving Party that certain inadvertently produced material is subject to a claim of protection under the attorney-client privilege, work product doctrine, common interest privilege, and/or any other applicable privilege or immunity from disclosure, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b). Pursuant to and consistent with Federal Rule of Evidence 502(b), if Protected Information or any

other document or information subject to a claim of attorney-client privilege, work-product doctrine, common interest privilege, and/or any other applicable privilege or immunity from disclosure, is inadvertently produced to such Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other ground for withholding production to which any Party producing the documents or information would otherwise be entitled. In the event that the receiving Party discovers that it has received either attorney-client privilege or work-product documents, it will bring that fact to the attention of the producing Party immediately upon discovery.

9. Failure to denominate documents or information as "CONFIDENTIAL" in the foregoing manner shall not constitute a waiver by any Party of the right to designate the document or information as "CONFIDENTIAL"' if the failure is inadvertent. Such failure shall be corrected by providing the receiving Party with notice of the inadvertence or error and a substituted copy marked "CONFIDENTIAL." The receiving Party, upon notification of the designation, must make reasonable efforts to assure the material is treated in accordance with the provisions of this Stipulated Protective Order.

10. In the event that Protected Information is inadvertently disclosed to a person not authorized by this Stipulated Protective Order, the Party responsible for the disclosure shall notify the designated Party of the inadvertent disclosure and make reasonable best efforts to retrieve the inadvertently disclosed material and prevent disclosure by the unauthorized recipient. Such inadvertent disclosure shall not constitute a waiver of confidentiality.

11. Nothing in this Stipulated Protective Order shall restrict the use of any Protected Information at any hearing or the trial of this cause; provided that any Party reserves the right to request that the Court utilize appropriate procedures for the protection of Protected Information to prevent public disclosure of Protected Information.

12. In the event a receiving Party (or expert or consultant employed or retained by said receiving Party) is served with a subpoena, grand jury subpoena, investigative demand, or other document issued by a court or administrative agency that compels disclosure of the Protected Information designated as "CONFIDENTIAL" under this Stipulated Protective Order, the receiving Party must promptly notify the designating Party in writing so that the designating Party may have an opportunity to intervene in opposition to such discovery. Such notification shall include a copy of the subpoena or court order. The receiving Party must also promptly notify in writing the Party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order. The receiving Party must also cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Information may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed

as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

13. The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until the return or destruction of all Protected Information designated as "CONFIDENTIAL," pursuant to this paragraph, following final disposition of this matter. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within 60 days after the final disposition of this action, all Protected Information designated as "CONFIDENTIAL", including all copies, abstracts, complications, summaries, memoranda, pleadings, court documents, or transcripts reproducing or capturing any of the Protected Information, shall be either returned to the Party producing such Protected Information or be destroyed. If destroyed, the receiving Party and/or its counsel shall certify in writing that all Protected Information has been destroyed. Notwithstanding this provision, counsel or a party to this action are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Information.

14. Counsel for each Party obtaining Protected Information shall maintain and retain all agreements in the form of Exhibit "A" hereto and, for good cause shown, such

counsel shall be required to produce such agreements to any other Party in the event a reasonable basis exists for the belief that this Stipulated Protective Order has been violated.

15. This Stipulated Protective Order shall not be construed:

    a. To broaden the permissible scope of discovery in this action;

    b. As a waiver of any Party's right to object to the furnishing of discovery;

    c. As a waiver of any Party's right to object on any ground to use in evidence of any material covered by this Stipulated Protective Order;

    d. As an admission by any Party that any particular material contains or reflects trade secrets, proprietary or commercial information, or other confidential information; or

    e. To prejudice any Party's right to apply to the Court for a Protective Order.

16. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

17. Each of the firms and Parties named above undertakes to abide by and be bound by the provisions of this Stipulated Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: ~~July~~ 8/9 , 2021

_____
Hon Vanessa Gilmore

| | |
|---|---|
| ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., ARCH SPECIALTY INSURANCE COMPANY, ASPEN SPECIALTY INSURANCE COMPANY), CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON (HISCOX), HDI GLOBAL INSURANCE COMPANY, INDIAN HARBOR INSURANCE COMPANY, and WESTPORT INSURANCE CORPORATION | FIESTA MART, LLC |
| By: /s/ Jeffrey S. Weinstein | By: /s/ Tracy N. LeRoy |
| Jeffrey S. Weinstein<br>Samuel B. Weiss<br>MOUND COTTON WOLLAN & GREENGRASS LLP<br>One New York Plaza, 44th Floor<br>New York, New York 10004<br>(212) 804-4200<br>JWeinstein@moundcotton.com<br>SWeiss@Moundcotton.com | Tracy N. LeRoy<br>Myra Siddiqui<br>YETTER COLEMAN LLP<br>811 Main Street, Suite 4100<br>Houston, Texas 77002<br>(713) 632-8000<br>tleroy@yettercoleman.com<br>msiddiqui@yettercoleman.com |
| WILLIS OF ILLINOIS, INC., and WILLIS TOWERS WATSON US, LLC | ACON INVESTMENTS LLC |
| By: /s/ Edward J. Baines | By: /s/ Philip H. Hilder |
| Edward J. Baines<br>Saul Ewing Arnstein & Lehr LLP<br>500 E. Pratt Street, Suite 900<br>Baltimore, Maryland 21202-3133<br>410.332.8954<br>ted.baines@saul.com | Philip Harlan Hilder<br>HILDER & ASSOCIATES, P.C.<br>819 Lovett Blvd<br>Houston, TX 77006-3905<br>713-655-9111<br>philip@hilderlaw.com |

EXHIBIT "A"

NAME:

ADDRESS:

POSITION:

    I understand that confidential documents and/or information are being provided and disclosed to me solely for purposes related to *Fiesta Mart LLC v. Willis Of Illinois, Inc. et al.*, Case No. 4:20-CV-03484, pending in the United States District Court for the Southern District of Texas. I have been advised that such confidential documents and the information contained therein may <u>not</u> be disclosed or used for any purpose whatsoever other than in connection with my acting as an expert, consultant, or witness in this case.

    I acknowledge receipt of a copy of the Stipulated Protective Order between the Parties in the above-referenced action and I agree to its terms. I have been advised that any unauthorized use or disclosure of such confidential Protected Information may subject me to sanctions by the Court and I submit myself to the jurisdiction of the above-referenced Court with regard to any dispute regarding my use or disclosure of such Protected Information. At the conclusion of this litigation, I will return all Protected Information that comes into my possession to the counsel who provided it to me.

Signature: _____

Printed Name: _____

Dated: _____

Address: _____