UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FIESTA MART, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-03484 |
| | § | |
| **WILLIS OF ILLINOIS, INC., WILLIS TOWERS WATSON US, LLC, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., ARCH SPECIALTY INSURANCE COMPANY, ASPEN SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON (HISCOX), HDI GLOBAL INSURANCE COMPANY, INDIAN HARBOR INSURANCE COMPANY, and WESTPORT INSURANCE CORPORATION,** | § | |
| | § | |
| the Insurers, | § | |
| | § | |
| v. | § | |
| | § | |
| **ACON INVESTMENTS, L.L.C.** | § | |
| | § | |
| Additional Counterclaim Defendant. | § | |

**ACON INVESTMENTS, L.L.C.'S
<u>MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

**TO THE HONORABLE LYNN N. HUGHES, UNITED STATES DISTRICT JUDGE:**

Counterclaim Defendant ACON Investments, L.L.C. ("ACON") moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the Insurers'[1] declaratory judgment

---

[1] Throughout this Motion, the term "the Insurers" shall be used to refer to the seven insurance company defendants whose policies are the subject of this lawsuit and who have asserted a third-party claim against ACON: Assurance Company (U.S.) Inc., Arch Specialty Insurance Company, Aspen Specialty Insurance

1

counterclaim against ACON for lack of subject-matter jurisdiction[2] because there is no case or controversy between the Insurers and ACON. Alternatively, ACON requests that the Court decline to exercise subject-matter jurisdiction over that claim and in support states:

ACON has no stake in this case: the Insurers' dispute is with Fiesta Mart and Fiesta Mart alone.  The Insurers' sole claim against ACON merely asks the Court to determine the validity of an assignment of insurance proceeds so that the dispute between Fiesta Mart and the Insurers can be adjudicated.  This question can be determined entirely between those parties without ACON's involvement. There is no substantive underlying claim between the Insurers and ACON hence no "case or controversy" between them—a necessary requirement for the exercise of subject-matter jurisdiction over any claim.

## FACTUAL BACKGROUND

ACON is a private equity firm based in Washington, D.C.  *See* Ans. ¶¶ 13, 21.  Until on or about March 23, 2018, ACON, through affiliated entities, owned a Houston-based grocery store chain known as Fiesta Mart, when it sold Fiesta Mart to Bodega Latina Corporation ("Bodega"). *Id.* ¶¶ 45-56.  At all relevant times, ACON maintained with the Insurers a program of property insurance policies for Fiesta Mart ("policies").  *Id.* ¶ 23.

On or about August 25, 2017, Hurricane Harvey hit Houston, causing catastrophic damage to the Houston area, including several Fiesta Mart grocery stores.  *See* Ans. ¶ 29.  Thereafter, the Insurers paid out certain property insurance proceeds to ACON in connection with Hurricane Harvey-related losses covered under the policies.  *See id.* ¶¶ 34-44.

---

Company, Certain Underwriters at Lloyd's of London (Hiscox), HDI Global Insurance Company, Indian Harbor Insurance Company, and Westport Insurance Corporation.

[2] *See* the Insurers' Answer and Counterclaims ("Ans."), Count I, at p 35.

On or about November 26, 2020, Fiesta Mart—now owned by Bodega—sued ACON in state court in Harris County, Texas, seeking, *inter alia*, the Hurricane Harvey property insurance proceeds collected by ACON from the Insurers. *See* Ans. ¶ 55. On or about February 14, 2020, ACON and Fiesta Mart settled their dispute. *Id.* ¶ 57. That same day, ACON and Fiesta Mart entered into an Assignment Agreement whereby ACON assigned to Fiesta Mart its rights to certain other insurance proceeds ("Depreciation Holdback amounts") under the policies. *Id.* ¶ 58; *see also* Plaintiff's Second Amended Complaint ("SAC") ¶ 100.

In October 2017, the Insurers denied Fiesta Mart's claims for the Depreciation Holdback amounts under the policies. *See* SAC ¶ 102. On September 4, 2020, Fiesta Mart filed this lawsuit, seeking, *inter alia*, to recover from the Insurers the assigned Depreciation Holdback amounts; the Insurers have responded by claiming that the assignment is "invalid" and seeking a declaratory judgment finding the same. *See* Ans., Count I, at p 35. Whether Fiesta Mart can recover the Depreciation Holdback amounts is a matter between Fiesta and the Insurers—one that does not involve ACON.

## ARGUMENT

A federal court may not issue a declaratory judgment unless there exists an "actual controversy" between the parties. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986) (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).[3] "While there is no mechanistic process to determine whether an 'actual controversy' exists in a declaratory judgment action, the Supreme Court has clearly instructed that 'the question

---

[3] "In a case of actual controversy within its jurisdiction," the Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. This circuit interprets the § 2201 "case of actual controversy" requirement to be coterminous with Article III's "case or controversy" requirement. *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

3

in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having *adverse legal interests*, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Pension Benefit Guaranty Corp. v. Cafeteria Operators, L.P.*, No. Civ. A. 3:03–CV–2173, 2004 WL 1800850, at *2 (N.D. Tex. Aug. 12, 2004) (quoting *Maryland Cas.*, 312 U.S. at 273) (emphasis added). Without an "actual controversy" between the parties, the claim is not justiciable, and "the district court lacks subject matter jurisdiction and must dismiss the case." *Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1026 (N.D. Tex. 1995).

The inquiry does not end there: even if a case is "justiciable," a federal court may nonetheless decide, in its discretion, to dismiss a declaratory judgment action. The Declaratory Judgment Act "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985); *see also Sassin*, 894 F. Supp. at 1028 ("The Fifth Circuit has long recognized that it is a matter for the district court's sound discretion whether to decide a declaratory judgment action."). For its part, the Fifth Circuit has created a three-step test for district courts to determine whether to decide or dismiss a complaint for declaratory relief: *first*, the district court must consider whether the declaratory action is justiciable; *second*, the district court must determine whether it has "authority" to grant declaratory relief;[4] and *third*, the district court must determine whether to exercise its discretion over the action. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

---

[4] "Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 (5th Cir. 2003). Because there is no underlying state court action involving the same issues as those here, the question of the district court's "authority" is not applicable here.

The Insurers bear the burden of proving subject matter jurisdiction under this test, which they cannot do: for the reasons described below, there is no "actual controversy" between the Insurers and ACON, and thus no subject matter jurisdiction over the Insurers' declaratory judgment claim against ACON. *Ramming v. United States*, 281 F.3d at 158, 161 (5th Cir. 2001) ("In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction."). The Insurers' declaratory action against ACON should be dismissed on this basis alone. Additionally, the Court should also decline to exercise its jurisdiction over the action, because ACON's presence in this lawsuit is wholly unnecessary to resolve the question of the assignment's validity.

### A. No "Actual Controversy" Between the Insurers and ACON

To establish the existence of an "actual controversy," a plaintiff seeking declaratory relief "must establish a substantive underlying claim." *Castle Mortg. Corp. v. GMAC Mortg., LLC*, 2013 WL 5299298, at *4 (N.D. Tex. Sept. 20, 2013); *see also Hellas Construction, Inc. v. Beynon Sports Surfaces, Inc.*, 2019 WL 4254307, at *4 (W.D. Tex. 2019) ("If a plaintiff has no underlying claim, the request for declaratory relief has no merit and fails to state a claim."); *Conrad v. SIB Mortg. Corp.*, 2015 WL 1026159, at *7 (N.D.Tex. 2015) ("A declaratory judgment action requires the parties to litigate some underlying, claim or cause of action."); *Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014) ("To determine whether the parties to a declaratory judgment action have adverse legal interests, we first identify the law underlying the request for a declaratory judgment."). In other words, "[s]ince it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the

5

defendant brought suit on the underlying cause of action." *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990).

There is no substantive underlying claim between ACON and the Insurers at issue in this lawsuit, and without an underlying claim, there is no "actual controversy" between the parties. All the Insurers ask is for the Court to declare invalid an assignment agreement. The Insurers' contention that the assignment is invalid is a defense to *Fiesta Mart's* claims against the Insurers. Though ACON and the Insurers might or might not have different *opinions* about the validity of the Assignment Agreement, a "mere difference of opinion" does not an "actual controversy" make. *Electroweb Media, Inc. v. Mycashnow.com, Inc.*, 2007 WL 9734141, at *3 (E.D.Tenn. 2007) ("A controversy must involve something more than a mere difference of opinion . . . it must involve persons adversely interested in matters in respect of which a declaration is sought."); *see also Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986) (holding that the parties' "divergent . . . views of their rights and obligations under [a franchise agreement]," without a concrete step towards litigation, was insufficient to create an "actual controversy"). This Court thus lacks subject matter jurisdiction over the Insurers' declaratory judgment claim against ACON, and the claim must be dismissed.

### B. ACON's Involvement Is Unnecessary, and the Court Should Exercise its Discretion To Dismiss ACON from This Lawsuit

Even if there were an "actual controversy" between the Insurers and ACON—which there is not—the question of the assignment's validity can be resolved between the Insurers and Fiesta Mart alone, without imposing upon ACON the time and expense of being a party in this lawsuit. The resolution of this claim does not require the presence of ACON for any reason, and ACON's involvement in this lawsuit is unnecessary and serves no practical purpose—especially now that discovery has closed. Thus, even if this Court concludes as a technical matter that it possesses

6

subject matter jurisdiction over the Insurers' claim, ACON respectfully requests that the Court, in its discretion, decline to exercise jurisdiction over the Insurers' declaratory action.

## **CONCLUSION**

ACON respectfully requests that Count I of the Insurers' Answer and Counterclaim be dismissed as to ACON.

Dated: November 1, 2022

        Respectfully submitted,

        *Philip H. Hilder*
        Philip H. Hilder
        Attorney In Charge
        Texas Bar No. 09620050
        Stephanie K. McGuire – Counsel
        Texas Bar No. 11000520
        HILDER & ASSOCIATES, P.C.
        819 Lovett Blvd.
        Houston, Texas 77006
        (713) 655-9111–telephone
        (713) 655-9112–facsimile
        philip@hilderlaw.com
        stephanie@hilderlaw.com

        ATTORNEYS FOR ACON INVESTMENTS, L.L.C.

*Of Counsel for ACON Investments, L.L.C.,*

*/s/ Paul C. Rauser*
Paul C. Rauser (D.C. Bar No. 461722)
Serine Consolino (D.C. Bar No. 1033847)
AEGIS LAW GROUP LLP
801 Pennsylvania Avenue, N.W., Ste 740
Washington, D.C. 20004
Tel: (202) 737-3500
Fax: (202) 735-5071

## CERTIFICATE OF SERVICE

I certify that on November 1, 2022, the foregoing was served by email and/or electronic filing service on all counsel of record.

>/S/ *Philip H. Hilder*
>Philip H. Hilder

## CERTIFICATE OF CONFERENCE

Since this matter is a Motion for Summary Judgement there is no need for conference and this matter is to be treated as opposed.

>/S/ *Philip H. Hilder*
>Philip H. Hilder

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FIESTA MART, LLC,** § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §<br><br>Plaintiff,<br><br>v.<br><br>**WILLIS OF ILLINOIS, INC., WILLIS TOWERS WATSON US, LLC, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., ARCH SPECIALTY INSURANCE COMPANY, ASPEN SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON (HISCOX), HDI GLOBAL INSURANCE COMPANY, INDIAN HARBOR INSURANCE COMPANY, and WESTPORT INSURANCE CORPORATION,**<br><br>the Insurers,<br><br>v.<br><br>**ACON INVESTMENTS, L.L.C.**<br><br>Additional Counterclaim Defendant. | Civil Action No. 4:20-CV-03484 |

## ORDER

ACON Investments Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby GRANTED. **IT IS ORDERED** that Count I of the Insurers' Answer and Counterclaim be dismissed as to ACON.

_____
U.S. District Judge Lynn N. Hughes

SIGNED on this _____, 2022.