# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| FIESTA MART, LLC, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | |
| WILLIS OF ILLINOIS, INC., WILLIS § | |
| TOWERS WATSON US, LLC, ALLIED § | |
| WORLD ASSURANCE COMPANY (U.S.) § | |
| INC., ARCH SPECIALTY INSURANCE § | CIVIL ACTION NO. 4:20-CV-03484 |
| COMPANY, ASPEN INSURANCE U.S. § | |
| SERVICES, INC. (D/B/A ASPEN § | |
| SPECIALTY INSURANCE COMPANY), § | |
| CERTAIN UNDERWRITERS AT LLOYD'S § | |
| OF LONDON (HISCOX), HDI GLOBAL § | |
| INSURANCE COMPANY, INDIAN § | |
| HARBOR INSURANCE COMPANY, and § | |
| WESTPORT INSURANCE CORPORATION, § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiff Fiesta Mart LLC ("Fiesta Mart") moves the Court to for leave to file Fiesta Mart's Third Amended Complaint, attached as Exhibit A. For the Court's convenience, a redline of the proposed Third Amended Complaint against the current Second Amended Complaint is attached as Exhibit B.

### SUMMARY OF ARGUMENT

The Court recently issued a memorandum opinion and order. Dkt. No. 96. Fiesta Mart seeks leave to amend the complaint to conform its allegations to the Court's findings in that opinion. In particular, Fiesta Mart requests to amend to: (1) remove as defendants the two insurance carriers for whom the Court has dismissed all claims, and clarify the relief sought as to the remaining Insurer Defendants (*see* Ex. B, pp. 4, 22); and (2) include additional factual

allegations against the Willis Defendants related to Willis's failure to place appropriate coverage for Fiesta Mart, in conformance with the Court's holding that Fiesta Mart was not insured under the subject policies. *See* Ex. B pp. 2-3, 6-7, 14-15.

Leave to amend should be granted. Fiesta Mart does not seek to add new causes of action, and the new allegations have already been subject to exhaustive fact discovery. No delay will arise; additional fact discovery is not necessary, and a trial date has not been set. No party will suffer prejudice from the amendment because the proposed amended allegations merely function to bring the operative complaint in line with this Court's rulings. As no good cause exists to deny amendment, the Court should grant leave to amend.

## STATEMENT OF FACTS

Fiesta Mart, a Houston-based supermarket chain, brings claims against its former insurance broker, Willis of Illinois, Inc. and Willis Towers Watson US ("Willis Defendants") and insurance carriers who issued policies covering property damage ("Insurer Defendants"). *E.g.*, Dkt. No. 46 ¶¶ 1-6. The insurance policies at issue were ostensibly placed by the Willis Defendants on behalf of Fiesta Mart. *Id*. ¶¶ 31-32, 43-46; *see also* Dkt. No. 73 p. 1. The Willis Defendants also acted on behalf of Fiesta Mart to make and support claims under the policies. Dkt. No. 46 ¶¶ 28, 51-53, 56-62.

Fiesta Mart stores were damaged in Hurricane Harvey. The Willis Defendants assisted Fiesta Mart in submitting its first claim to the Insurer Defendants, who made an initial payment in the wake of the storm. *Id*. ¶¶ 50-55. Later, Fiesta Mart was sold to a new owner. *Id*. ¶ 63. At that point, the Willis Defendants chose to support the prior owner, not its client Fiesta Mart. *Id*. ¶¶ 63-74. In particular, the Willis Defendants took action to ensure that further payments made for damage to the Fiesta Mart stores went not to Fiesta Mart, but to the prior owner. *Id*. ¶¶ 66-74.

Once Fiesta Mart found out, and this dispute arose, the Insurer Defendants claimed that Fiesta Mart never had coverage at all. *Id*. ¶ 93. Fiesta Mart, after litigation with its former owner, obtained an assignment of the former owners' rights to recover depreciation holdback amounts owed under the policies; the Insurer Defendants then alleged that the assignment was invalid. *Id*. ¶¶ 94-102. The Willis Defendants, in turn, take the position that it properly placed property coverage for Fiesta Mart, but that Willis is not liable for the Defendant Insurers' refusal to pay on Fiesta Mart's claims for Hurricane Harvey damage. *E.g.*, Dkt. No. 73 pp. 1-2.

## PROCEDURAL HISTORY

Fiesta Mart filed suit in September of 2020. Dkt. No. 1-1 at 10. The case was removed. Dkt. No. 1. Fiesta Mart amended its complaint on January 15, 2021. Dkt. No. 12. Fiesta Mart, upon learning that it inadvertently named an incorrect party to the insurance policy at issue, sought leave to amend to name the proper party. Dkt. No. 45. Defendants did not oppose the motion. *Id*. The Court granted leave, and the second amended complaint was filed on March 15, 2021. Dkt. No. 47 (Order granting leave); Dkt. No. 46 (Second Amended Complaint).

The parties completed fact discovery, and the Willis Defendants and the Insurer Defendants separately moved for summary judgment. Dkt. No. 73; Dkt. No. 87. On March 31, 2024, the Court granted in part and denied in part the Defendant Insurers' Motion for Summary Judgment. Dkt. No. 96.

The Court issued an extensive opinion addressing the insurance policies at issue. Dkt. No. 96. In particular, the Court held that Fiesta Mart was not insured under the policies, and that the items provided to Fiesta Mart by the Willis Defendants as "certificates of insurance" were, in fact, not certificates of insurance. *E.g., id*. pp. 11-18. The Court held that Fiesta Mart's breach of contract claim against the Insurers may proceed to pursue depreciation holdback amounts, except

as to Defendants Aspen Insurance U.S. Services, Inc. ("Aspen") and Westport Insurance Corporation ("Westport"). *Id*. at 26. The same day, the Court denied, without prejudice, the Willis Defendants' motion for summary judgment and granted leave to re-file in light of the Court's ruling on the Insurers' motion for summary judgment. Dkt. No. 97.

**ARGUMENT**

Leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). The language of Rule 15 "evinces a bias in favor of granting leave to amend." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002)). Amendments must be allowed absent good reason justifying denial of leave to amend, such as undue delay, bad faith or dilatory motive on the part of the movant. *See, e.g.*, *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Courts examine five factors in considering a motion for leave to amend: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). "Absent any of these factors, the leave sought should be 'freely given.' " *Smith*, 393 F.3d at 595 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

None of the factors counsels against amendment here. Fiesta Mart addresses related factors together for the sake of efficiency.

First, there is no undue delay, nor a repeated failure to cure deficiencies by prior amendments. Fiesta Mart amended its complaint once as of right after removal, and later, but still early in the case, to correct a misnamed party with leave granted via an agreed motion. The

proposed Third Amended Complaint merely incorporates the Court's findings in its opinion issued three weeks ago. Fiesta Mart has not delayed in seeking leave to amend.

Second, Fiesta Mart does not have a bad faith or dilatory motive, nor will Defendants suffer prejudice. The proposed Third Amended Complaint does not add any new claims or allegations that have not already been the subject of extensive fact discovery. The issue of whether or not Fiesta Mart was insured under the policies at issue was a major disagreement between the two groups of defendants. The Court has now ruled that Fiesta Mart was not insured, meaning that Willis, Fiesta Mart's insurance broker, failed in its fundamental purpose, i.e., to place adequate insurance for Fiesta Mart. This new finding of fact supports the claims already pleaded against Willis for breach of contract and of the Texas Insurance Code, and negligence/negligent misrepresentation. *See* Ex. B pp. 2-3, 6-7, 14-15. Fiesta Mart should be permitted to amend to add these factual allegations.

As to the Defendant Insurers, the only relevant proposed amendments remove the two insurers that the Court dismissed in its summary judgment ruling and clarify that the damages sought are the depreciation holdback amount. Ex. B, pp. 4, 22. Neither change operates to prejudice the Insurer Defendants, and in fact benefits them.

Finally, the amendment is not futile. Fiesta Mart does not seek to add a new claim or replead claims that have been dismissed. Instead, Fiesta Mart seeks to conform its complaint to the Court's findings.

## CONCLUSION

For these reasons, the Court should grant Fiesta Mart's motion for leave to file the Third Amended Complaint, attached as Exhibit A.

Dated:   April 19, 2024  Respectfully submitted,

/s/ Tracy N. LeRoy
Tracy N. LeRoy (Attorney-in-Charge)
State Bar No. 24062847
Federal Bar No. 860752
Shayna M. Goldblatt
State Bar No. 24106010
Federal Bar No. 3306366
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
tleroy@yettercoleman.com
sproler@yettercoleman.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF CONFERENCE**

Pursuant to Fed. R. Civ. P. 15(a)(2), I certify that I conferred with counsel of record regarding Plaintiff's intention to amend its complaint. The Willis Defendants are opposed to this Motion. The Insurer Defendants are not opposed to the Motion insofar as the amendment drops Aspen and Westport as defendants, and otherwise reserve the right to oppose the amendment.

/s/ Tracy N. LeRoy
Tracy N. LeRoy

**CERTIFICATE OF WORD COUNT**

Pursuant to the Court's procedures, I certify that this Motion consists of 1387 words according to Microsoft Word's word count tool.

/s/ Tracy N. LeRoy
Tracy N. LeRoy

**CERTIFICATE OF SERVICE**

I certify that on April 19, 2024, the foregoing was served by email and/or by electronic filing service on all counsel of record.

/s/ Tracy N. LeRoy
Tracy N. LeRoy